# United States District Court
## Central District of California
**\*\*FOURTH AMENDED\*\***

| | |
|---|---|
| **UNITED STATES OF AMERICA** vs. | Docket No. __CR90-652-SVW__ |
| **Defendant** __Thomas Clifford Whitmore__ | Social Security No. __UNKNOWN__ |
| akas: __Unknown__ | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 12 | 1991 |

**COUNSEL**   __Karen Woods, appointed__
(Name of Counsel)

**PLEA**   ☐ **GUILTY**, and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of: conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged in Count 1 (VACATED pursuant to order dated February 12, 1998); Attempted possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged on Counts 7, 29, 34; Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841 (a) (1) as charged in Counts 2, 8, 15, 23, 26, 27, & 31; Use of Communication Facility to Facilitate Felony Drug Offense in violation of Title 21 USC 843(b) as charged in Counts 25 and 30; Continuing Criminal Enterprise in violation of Title 21 USC 848(b) as charged in Count 44 and Carrying a Firearm During Drug Trafficking Crime in violation of Title 18 USC 924(c) as charged in Count 3 of the Indictment

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

The judgment is amended to reflect the Ninth Circuit's reversal of Defendant's conviction of Count 37.

All other terms and conditions remain as originally imposed.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_7/14/15_
Date

_[signature]_
STEPHEN V. WILSON, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

_7/14/15_
Filed Date

Clerk, U.S. District Court
By _[signature]_
Paul M. Cruz, Deputy Clerk

1111

USA vs.   Thomas Clifford Whitmore                              Docket No.:   CR90-652-SVW

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. Thomas Clifford Whitmore                              Docket No.: CR90-652-SVW

[x] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____

USA vs. Thomas Clifford Whitmore                                      Docket No.:  CR90-652-SVW

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____               By _____
Date                                                                    Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____               By _____
Filed Date                                                              Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____               _____
              Defendant                                                  Date

_____               _____
U. S. Probation Officer/Designated Witness         Date

**United States District Court**
**Central District of California**

**\*\*THIRD AMENDED\*\***

| UNITED STATES OF AMERICA vs. | Docket No. | CR90-652-SVW |
|---|---|---|

| Defendant | Thomas Clifford Whitmore | Social Security No. | UNKNOWN |
|---|---|---|---|
| akas: | Unknown | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 12 | 1991 |

**COUNSEL**    Karen Woods, appointed
(Name of Counsel)

**PLEA**    ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.    ☐ NOLO CONTENDERE    ☐ NOT GUILTY

**FINDING**    There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of: conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged in Count 1 (VACATED pursuant to order dated February 12, 1998); Attempted possession with Intent to Distribute a Narcotice Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged on Counts 7, 29, 34 & 37; Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841 (a) (1) as charged in Counts 2, 8, 15, 23, 26, 27, & 31; Use of Communication Facility to Facilitate Felony Durg Offenxe in violation of Title 21 USC 843(b) as charged in Counts 25 and 30; Continuing Criminal Enterprise in violation of Title 21 USC 848(b) as charged in Count 44 and Carrying a Firearm During Drug Trafficking Crime in violation of Title 18 USC 924(c) as charged in Count 3 of the Indictment

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

The judgment is amended as follows:

(1) To reflect that Defendant is not subject to supervised release for Count Three;
(2) Defendant's 480 month sentence on Count Seven exceeded the statutory maximum of twenty years imprisonment, and therefore is reduced from 480 months to the statutory maximum of twenty years;
and (3) Defendant's judgment is to be amended to indicate that he is eligible for parole on Count Seven.

All other terms and conditions remain as originally imposed.

/ / /

/ / /

/ / /

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

USA vs. Thomas Clifford Whitmore　　　　　　　　　　　Docket No.: CR90-652-SVW

Date 8/12/14

STEPHEN V. WILSON, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Filed Date 8/12/14

Clerk, U.S. District Court

By Paul M. Cruz, Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. Thomas Clifford Whitmore					Docket No.: CR90-652-SVW

[x] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____

USA vs. __Thomas Clifford Whitmore__     Docket No.: __CR90-652-SVW__

Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____                By _____
Date                                      Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____                By _____
Filed Date                                Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____            _____
Defendant                                    Date


_____                     _____
U. S. Probation Officer/Designated Witness   Date

**United States District Court**
**Central District of California**

**\*\*SECOND AMENDED to indicate vacating of Count 1 of the Indictment\*\***

| UNITED STATES OF AMERICA vs. | Docket No. | CR90-652-SVW |
|---|---|---|

| Defendant | Thomas Clifford Whitmore | Social Security No. | UNKNOWN |
|---|---|---|---|
| akas: | Unknown | (Last 4 digits) | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 12 | 1991 |

**COUNSEL**    Karen Woods, appointed
(Name of Counsel)

**PLEA**   ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE   ☐ NOT GUILTY

**FINDING**   There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of: conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged in Count 1 (VACATED pursuant to order dated February 12, 1998); Attempted possession with Intent to Distribute a Narcotice Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged on Counts 7, 29, 34 & 37; Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841 (a) (1) as charged in Counts 2, 8, 15, 23, 26, 27, & 31; Use of Communication Facility to Facilitate Felony Durg Offenxe in violation of Title 21 USC 843(b) as charged in Counts 25 and 30; Continuing Criminal Enterprise in violation of Title 21 USC 848(b) as charged in Count 44 and Carrying a Firearm During Drug Trafficking Crime in violation of Title 18 USC 924(c) as charged in Count 3 of the Indictment

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Amended pursuant to order dated February 12, 1998 vacating Count 1 of the Indictment, and to reflect that the $50 special assessment for Count One is removed.

The sentence and all the terms and conditions remain as originally imposed.

///

///

///

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_7/8/14_
Date

_[signature]_
STEPHEN V. WILSON, U. S. District Judge

USA vs. Thomas Clifford Whitmore            Docket No.: CR90-652-SVW

Clerk, U.S. District Court

7/8/14
Filed Date

By /s/ Paul M. Cruz
Paul M. Cruz, Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. Thomas Clifford Whitmore     Docket No.: CR90-652-SVW

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____

USA vs. Thomas Clifford Whitmore         Docket No.: CR90-652-SVW

Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Deputy Clerk

_____
Filed Date

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
Defendant                                Date

_____                   _____
U. S. Probation Officer/Designated Witness   Date

**United States District Court**
**Central District of California**
**\*\*AMENDED\*\***

FILED
CLERK U.S. DISTRICT COURT
MAY 29 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA vs.     Docket No.    CR90-652-SVW

Defendant    Thomas Clifford Whitmore     Social Security No.   UNKNOWN
akas: Unknown     (Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 12 | 1991 |

**COUNSEL**     Karen Woods, appointed
(Name of Counsel)

**\*\*PLEA**  ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING**    There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of: conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged in Count 1; Attempted possession with Intent to Distribute a Narcotice Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged on Counts 7, 29, 34 & 37; Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841 (a) (1) as charged in Counts 2, 8, 15, 23, 26, 27, & 31; Use of Communication Facility to Facilitate Felony Durg Offenxe in violation of Title 21 USC 843(b) as charged in Counts 25 and 30; Continuing Criminal Enterprise in violation of Title 21 USC 848(b) as charged in Count 44 and Carrying a Firearm During Drug Trafficking Crime in violation of Title 18 USC 924(c) as charged in Count 3 of the Indictment

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

The attached Judgment and Commitment Order contains a clerical error. The original Judgment showed the box next to "Plea" as checked. This was a clerical mistake.

The Judgment and Commitment Order is amended to show that the box next to "Plea" as NOT checked, and that Defendant was convicted at trial of counts 1, 2, 3, 7, 8, 15, 23, 25, 26, 27, 29, 30, 31, 34, 37, and 44.

The sentence and all the terms and conditions remain as originally imposed.

///
///
///

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

5/28/14
Date

STEPHEN V. WILSON, U.S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

CR-104 (09/11)     JUDGMENT & PROBATION/COMMITMENT ORDER     Page 1 of 4

USA vs.  Thomas Clifford Whitmore                               Docket No.:  CR90-652-SVW

5/28/14
Filed Date

Clerk, U.S. District Court

By Paul M. Cruz, Deputy Clerk

1111

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.   Thomas Clifford Whitmore                                    Docket No.:  CR90-652-SVW

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____

USA vs. Thomas Clifford Whitmore                    Docket No.: CR90-652-SVW

Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                               Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                         Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                _____
         Defendant                                Date

_____                          _____
U. S. Probation Officer/Designated Witness        Date

CR-104 (09/11)            JUDGMENT & PROBATION/COMMITMENT ORDER            Page 4 of 4

United States District Court
Central District of California

UNITED STATES OF AMERICA vs.                          Docket No. CR- 90-652-SVW
Defendant's Name __THOMAS CLIFFORD WHITMORE__        Social Security No. __unknown__
Residence __3649 Kenaley Drive__    Mailing Address __Metropolitan Detention Center__
Address __Inglewood, CA 90305__                     __535 S. Alameda Street__
                                                    __Los Angeles, CA 90012__

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.   MONTH 04   DAY 12   YEAR 91

**COUNSEL**
[ ] WITHOUT COUNSEL   However, the Court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
[X] WITH COUNSEL   __Karen Woods, appointed__
(Name of Counsel)

**PLEA**   [X] GUILTY, and the Court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a ~~jury~~ verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy to Manufacture and Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged in count 1; Attempted Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 846, 841(a)(1) as charged in counts 7, 29, 34 & 37; Distribution and Possession with Intent to Distribute a Narcotic Drug Controlled Substance in violation of Title 21 USC 841(a)(1) as charged in counts 2, 8, 15, 23, 26, 27 & 31; (see page two....)

**JUDGMENT AND PROB./COMMITMENT ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: LIFE WITHOUT POSSIBILITY OF PAROLE, as to count 44. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Bureau of Prisons for a term of 480 months on each of counts 1, 2, 7, 8, 15, 26, 27, 29, 31, 34, and 37. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Bureau of Prisons for a term of forty-eight (48) months on each of counts 25 and 30. The terms herein imposed on counts 44, 1, 2, 7, 8, 15, 23, 25, 26, 27, 29, 30, 31, 34 & 37 shall be served concurrently to each other. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Bureau of Prisons for a term of sixty (60) months on count 3, said term shall be served consecutively to all other terms imposed herein. IT IS FURTHER ORDERED that the defendant pay a fine to the United States in the amount of $2,000,000.00 (two million dollars), as to count 44. IT IS FURTHER ORDERED that, upon any release from imprisonment, the defendant shall be placed on supervised release for a term of five (5) years on each of counts 1, 2, 7, 8, 31 & 34; four (4) years on each of counts 15, 23, 26, 27, 29 & 37; and three (3) years on each of counts 2, 25 & 30, all such terms shall run concurrently for a total of five (5) years supervised release. IT IS FURTHER ORDERED that said supervised release shall be under the following terms & conditions; the defendant shall 1) comply with the rules and regulations of the U.S. Probation Office and General ORDER 318; 2) participate, as instructed by the Probation Officer, in a program approved by the U.S. Probation Office, for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the (see page two....)

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant
[ ] to a Community Corrections Center.

SEE PAGE 2

Signed By: [ ] U.S. District Judge _____   [ ] U.S. Magistrate _____

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

LEONARD A. BROSNAN, CLERK

Dated/Filed _____   By _____ Deputy Clerk

United States District Court
Central District of California

UNITED STATES OF AMERICA

vs

THOMAS CLIFFORD WHITMORE

Docket No. CR - 90-652-SVW

Date: April 12, 1991

## JUDGMENT AND PROBATION / COMMITMENT ORDER

Continued from Page 1    OFFENSES CHARGED:

Use of a Communication Facility to Facilitate Felony Drug Offense in violation of Title 21 USC 843(b) as charged in counts 25 and 30; Continuing Criminal Enterprise in violation of Title 21 USC 848(b) as charged in count 44 and Carrying a Firearm During Drug Trafficking Crime in violation of Title 18 USC 924(c) as charged in count 3 of the Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER: (cont'd from page 1)

use of drugs and 3) shall pay the fine imposed by this judgment and that remains unpaid at the commencement of the term of community supervision, as directed by the Probation Officer. IT IS FURTHER ORDERED that the defendant pay a special assessment to the United States in the amount of $800.00.

IT IS FURTHER ORDERED, upon motion of the Government, counts 20, 35 & 36 be and are dismissed.

THE COURT HEREBY RECOMMENDS that the defendant be designated to the FCI in Lompoc or Phoenix to allow the defendant to assist counsel in the preparation of his appeal.

Signed By: [X] U.S. District Judge  STEPHEN V. WILSON    [ ] U.S. Magistrate

LEONARD A. BROSNAN, CLERK

Dated/Filed 4/16/91    By _____ Deputy Clerk