TODD W. BURNS (SBN 194937)
todd@burnsandcohan.com
Burns & Cohan, Attorneys at Law
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 236-0244
Facsimile: (619) 768-0333

Counsel for Thomas Whitmore

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS CLIFFORD WHITMORE,<br><br>Defendant. | CASE NO. 2:90-cr-0652-SVW<br><br>DEFENDANT THOMAS WHITMORE'S SENTENCING MEMORANDUM<br><br>Date: June 5, 2017<br>Time: 10:00 a.m.<br><br>Hon. Stephen V. Wilson, Presiding |

**INTRODUCTION**

This case is before the Court for re-sentencing pursuant to the Ninth Circuit's March 17, 2017 memorandum opinion. In his appeal Mr. Whitmore argued, among other things, that: (1) he should receive a re-sentencing hearing; (2) the previous imposition of a mandatory life sentence under 21 U.S.C. §848(b) was erroneous because the government incorrectly relied on multiple counts of conviction to arrive at the threshold quantity necessary for a mandatory life sentence; and (3) during a re-sentencing proceeding he should be sentenced under the presently applicable law, including the Fair Sentencing Act (FSA). The Court of Appeals left the second point, as well as some other

issues, open for resolution on remand. However, the need to resolve the second points is obviated because the Court of Appeals remanded for re-sentencing "in accordance with now-applicable law." 3/17/17 Mem. Op. at 5. And under the FSA Mr. Whitmore is no longer subject to a mandatory life sentence under §848(b) because the amount of cocaine involved in his case does not meet the requisite threshold for such a sentence.[1]

Consistent with the remand order, and the Supreme Court's holding that the FSA applies at the time of sentencing, the parties have entered into an agreement that will be filed with the Court by the government. *See United States v. Dorsey*, 132 S. Ct. 2321, 2326 (2012) (holding that FSA applies at sentencing for defendant whose conduct predated passage of the FSA); *see also United States v. Hinds*, 713 F.3d 1303, 1305 (11th Cir. 2013) (holding that "at the time a defendant is resentenced, he is in a materially indistinguishable position from the defendant in *Dorsey*," thus "*Dorsey*'s analysis is equally applicable" to re-sentencing proceedings); *United States v. Alston*, 722 F.3d 603, 608 (4th Cir. 2013) (same). In that agreement the parties dispose of the lingering issues indicated in the Ninth Circuit's memorandum opinion (including *Apprendi* issues), as well as issues related to another appeal that is still pending in the Ninth Circuit with respect to this case (*i.e.*, Ninth Circuit Case No. 15-50318). The parties' agreement was made under Federal Rule of Criminal Procedure 11(c)(1)(C), and it is Mr. Whitmore's hope that the Court will agree to sentence him as recommended by the parties. Should the Court decline to do so, and the parties' agreement is thus obviated, Mr. Whitmore requests a short continuance of the proceedings so that counsel may file additional papers addressing the issues that will need to be addressed with respect to the Ninth Circuit's March 17, 2017 remand order and the appeal pending in Case No. 15-50318.

With the hope that the Court will agree to accept the sentencing recommendation proposed by the parties in their agreement, Mr. Whitmore now proceeds to address that

---

[1] The issues in this context are addressed in detail on pages 20-34 of Mr. Whitmore's opening appellate brief, which is docket number 16 in Ninth Circuit Case Number 14-50310.

2

recommendation, first by setting out the sentencing guidelines and mandatory minimum terms.

## GUIDELINES CALCULATIONS AND MANDATORY TERMS

Pursuant to the parties' written agreement, Mr. Whitmore and the government agree that the following sentencing guidelines calculations apply:

| | | | |
|---|---|---|---|
| Base offense level: | 36 | US.S.G. §2D1.1(c)(2) |
| Criminal History Category: | III | |

That yields a sentencing range of 235-293 months. That range is increased by 60 months, to 295-353 months, based on the mandatory five-year consecutive sentence applicable under 18 U.S.C. §924(c). There are also several 5- and 10-year mandatory sentences applicable (based on drug quantity concessions Mr. Whitmore made in the parties' agreement, which obviates related *Apprendi* issues), two 4-year maximum sentences, and a 20-year mandatory sentence under 21 U.S.C. §848(a), all of which the parties recommend run concurrently.

## SENTENCING RECOMMENDATION

Consistent with the parties' agreement, Mr. Whitmore requests that the Court sentence him to a total of 300 months (*i.e.*, 25 years) in custody, with five years supervised release to follow. That would amount to a time-served sentence because Mr. Whitmore has been in custody for close to twenty-seven years and has accrued about four years good-conduct credit. While there is no doubt that Mr. Whitmore's offense conduct was serious, defense counsel submits that the time he has served in custody is adequate punishment. Furthermore, counsel wishes to point out some other relevant factors supporting a time-served sentence.

First, Mr. Whitmore has behaved well while in custody. As indicated in his recent Bureau of Prisons Progress Report (Exhibit A at page 5), Mr. Whitmore has a minor history of disciplinary action while imprisoned, with the last transgression being for unauthorized use of the telephone in 1996. Furthermore, the BOP Progress Report notes many positives, including (at page 23) Mr. Whitmore's "positive personal character" and

"evidence of spirituality," which he has shown by doing "regular volunteer work (not court ordered)" and by "assist[ing] strangers without expectation of reward."

      Second, and relatedly, Mr. Whitmore has strived to make the most out of his time in custody. He has done this by trying to grow spiritually and as a human being, and by staying involved in the lives of his children by speaking with them every Sunday, if possible, and trying to contribute to their lives in any way he can. That has included Mr. Whitmore's sending small sums of money home to his kids, money he earned by working while in custody. That was something that was suggested to Mr. Whitmore many years ago by a counselor, and while the sums have been small, the consistent act of staying involved in his kids' lives in a tangible way has been very meaningful. Perhaps Mr. Whitmore's actions have contributed to his kids finding positive paths in their own lives, specifically: (1) Nicole (36), who manages a Starbucks; (2) Shavonn (34), who is a mother of four and a homemaker; (3) Alina (33), who recently obtained her Ph.D. in psychology; (4) William (30), who builds and inspects rockets for Space X; (5) Brittney (28), who has a bachelor's degree in psychology and manages a Wells Fargo branch; and (6) Imran (26), who is about to graduate from Delta State University in Mississippi and will then move back to the Los Angeles area. Letters from Mr. Whitmore's children are attached at Exhibit B.

      In addition to making a positive impact on the lives of his children, Mr. Whitmore has tried to help those with whom he is imprisoned, including by working to keep the peace and helping others find some measure of spiritual and personal growth. That has involved, among other things, Mr. Whitmore's leading inmate-based self improvement programs on a weekly basis and organizing larger programs with outside volunteer groups that come into the prison. Furthermore, on holidays he has helped organize programs and entertainment (provide by inmates and volunteers from the outside) that bring a positive message during what can be a difficult time for those in custody. In short, Mr. Whitmore has grown as a human being by reaching out to others, and he has

//

4

demonstrated that he is not the same person who was sentenced in this Court more than twenty-five years ago.

Finally, Mr. Whitmore has an extremely supportive family structure that is ready to receive and help him. If released, Mr. Whitmore would first go to live with his sister, Yolanda Whitmore, in Perris, California, for a few weeks. After he has had some time to adjust to a very different world than the one he knew when he was imprisoned, he can go to live at a home that his uncle, William Whitmore, owns in Carson. Mr. Whitmore also has job opportunities waiting, including helping to manage rental properties that his uncle William owns. He also hopes to take classes in metal fabricating so he can work on cars, a long-time interest of his. Meanwhile, he will have the support of his kids and extended family, many of whom live in the Los Angeles area.

In short, Mr. Whitmore has demonstrated the character that can give the Court confidence that he will not squander a second chance, and he has the support system that will help him succeed if he is released. While there are undoubtedly hurdles that Mr. Whitmore will have to clear as he adjusts to life outside, he is very smart and with that going for him, and his family support, there is great reason to hope that he will be able to make positive contributions to his family and to society.

## CONCLUSION

For the foregoing reasons, Mr. Whitmore requests that the Court sentence him to twenty-five years custody (*i.e.*, time served), five years supervised release, and no fine.

Respectfully submitted,

Dated: May 29, 2017        */s/ Todd W. Burns*
                           Counsel for Mr. Whitmore.

**CERTIFICATE OF SERVICE**

Counsel for Mr. Whitmore certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon counsel for the United States via ECF/NEF.

Dated: May 29, 2017               */s/ Todd W. Burns*